IN THE SUPREME COURT OF THE STATE OF MONTANA

FILED

JUN 19 2003

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

IN RE: The Matter of Reconstituting )     O R D E R
the Uniform District Court Rules )
Commission; Appointing Members; )
and Establishing Terms Thereof )

According to the institutional memory of former Chairperson, Justice John Warner, the Uniform District Court Rules Commission (Commission) was created by this Court in the 1980s and was charged with writing and recommending for adoption by this Court the Uniform District Court Rules, (UDCR) presently codified at Title 25, Chapter 19, MCA. This Commission has met from time to time to consider amendments to the UDCR. However, it also appears that the UDCR have not been re-examined for a number of years, despite developments in the statutory and case law and despite substantial increased court caseloads and, in some cases, concomitant delay in civil trial settings and other proceedings.

The Commission was originally constituted with five members who served without designated terms and at large. By reason of the untimely death of member Ronald B. MacDonald, Esq., there now exists a vacancy on the Commission. This vacancy should be filled. Moreover, this Court has determined that the Commission should be reconstituted and expanded with a view to re-examining the UDCR in light of the above mentioned developments, and, if necessary and appropriate, to making recommendations for amendments to this Court. Therefore;

From and after the date of this Order the Commission shall be constituted of seven members who shall be appointed by this Court to serve in the following categories of membership:

Two District Court Judges;

Two civil trial attorneys representing plaintiffs;

Two civil trial attorneys representing defendants;

One professor of the Montana School of Law.

Each appointee shall serve a staggered four-year term, subject to reappointment. At their first meeting after the date of this Order, which shall be held within six months of the date of this Order, the Commission, by lot, shall determine the initial staggered terms of the members and shall choose one member to serve a one-year term, two members to serve two-year terms, two members to serve three-year terms, and two members to serve four-year terms. Thereafter, all terms shall be four years.

The Commission shall elect its own Chair and recording secretary. Present Chair, John H. Grant shall serve as Chair until the next meeting of the Commission. Following this meeting, the Chair shall report to this Court and to the Executive Director of the State Bar of Montana the staggered terms of the various members of the Commission and the name of the Chair. All meetings of the Commission shall be subject to the Montana Open Meeting Laws.

The following persons are appointed to serve on the Commission in the following membership categories:

District Court Judges:

Hon. Douglas G. Harkin, Fourth Judicial District
Hon. Katherine M. Irigoin, Seventh Judicial District

Civil trial attorneys representing plaintiffs:
Monte D. Beck, Bozeman, Montana
Elizabeth A. Halverson, Billings, Montana

Civil trial attorneys representing defendants:
John H. Grant, Helena, Montana
I. James Heckathorn, Kalispell, Montana

Professor, Montana School of Law:
Prof. Gregory S. Munro, Missoula, Montana

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the Clerk of this Court give notice of this Order by mail to the persons named above; to the Executive Director of the State Bar of Montana; and to the State Law Librarian with a request that this Order be posted to the State Bar's and Law Library's respective websites.

Dated this 19th day of June, 2003.

_____
Chief Justice

_____

_____

_____

_____
Justices

Justice John Warner concurring and dissenting.

I agree that the Commission on Uniform District Court Rules should be reconstituted and should review from time to time appropriate changes to the Uniform District Court Rules. Yet, I must disagree with the inclusion in the Court's order of the language concerning the re-examination of the UCDR in light of "concomitant delay in civil trial settings and other proceedings." Such could be interpreted by the commission to be a request from this Court to promulgate some type of rule for the district courts about how they should schedule cases for trial. Uniform district court rules are a poor and unworkable method for scheduling cases. The purpose of the rules is to make uniform, as far as reasonably possible, the practice before the district courts in the far-flung district courts of the State. It is not to impose a system of case flow management.

With the advent of the "trial by expert" method of civil litigation, it is admittedly difficult to schedule civil trials which require several days, or even several weeks, and which also require a number one setting because of the necessity that multiple lawyers and witnesses make firm scheduling and travel arrangements. The concern of the trial courts, this court and the bar with being unable to schedule a civil case for trial in a timely manner is justified. However, the solution is not an attempt to impose some sort of unworkable scheduling rule that must further complicate matters.

The Commission on Uniform District Court Rules could not in its initial deliberations draft a uniform scheduling rule that met the wide variety of practices, case loads and needs

4

of the several judicial districts. The Judicial Relations Committee of the State Bar of Montana, working in cooperation with the Montana Judges Association, within the last two years determined that a uniform scheduling order for civil cases throughout the state was impractical and unworkable.

The main reasons for delay in bringing complicated personal injury cases to trial are well known: the exploding criminal case loads fueled by the war on drugs, the multiple legislative directives to the district courts to give priority to other types of cases[1], and the rule on substitution of District Judges. None of these reasons for delay can be ameliorated by a Uniform District Court Rule.

I would not even hint that this Court is giving the Commission on Uniform District Court Rules marching orders to again go on this snipe hunt.

Justice John Warner

---

[1] A 2001 computer search performed by the Legislative Services Division for the Montana Judges Association shows no less than 80 different statutes that require a district court to hear and determine a particular matter within a definite time, with expediency, by advancing it on the docket, by giving it priority over other cases, etc., etc. Many of these statutes require that other, previously scheduled, cases be delayed. None refer to giving a personal injury case a priority setting.

Chief Justice Karla M. Gray, dissenting.

I join the Court in reconstituting and expanding the Uniform District Court Rules Commission, and in encouraging it to revisit the UDCR with regard to developments in the statutory and case law which pertain to the largely procedural subject matters covered by the current Rules. Most procedural rules, regulations, practices and such can be improved by a new review, with new eyes--so to speak--on a periodic basis.

I join Justice Warner, the former Chairperson of the Commission, however, in dissenting from that portion of the Court's Order which appears to encourage the Commission to study and propose new UDCR addressing delays in civil proceedings in the trial courts and, presumably, how those delays can be better managed by our district courts. This is not a subject matter within the current scope of the UDCR; nor, in my view, is it a subject matter which can best be addressed through the "cookie cutter" approach necessary for uniform rules. In short, I do not believe the Court has chosen an appropriate method of approaching the subject of delays in the district courts.

In my view, a better method of facilitating change relating to delays would be to request the Judicial Education Committee of the Montana Judges Association (MJA) to devote the MJA's 2004 spring or autumn training conference to delay in noncriminal proceedings in the trial courts: why/where it exists; what improvements have been made in other jurisdictions and how they have been accomplished; what ideas for improvements were tried and did not work out; and what ideas Montana judges and court administrators have to improve the delay problem here, in both large and small jurisdictions. A universe of valuable information on these subjects is available from such external sources as the National

6

Center for State Courts and the National Association of Court Managers, and it goes without saying that much expertise on the subject resides within Montana judges and court administrators. This approach would engender serious thought by Montana judges about the problems associated with delay and, in my view, an active commitment to put together a group of judges and administrators to work on the problems and recommend solutions.

At the bottom line, I believe this Court--with delay problems of its own--should ask those who run the courts to discuss and resolve delay-related matters susceptible to resolution. As Justice Warner points out, the number of criminal cases alone is a significant factor and, of course, those are the very cases where constitutional speedy trial considerations come into play. Moreover, the numbers of "legislatively" scheduled or "preferenced" proceedings are significant and become more problematic as case filings increase. Finally, while this Court may have its own feelings about the substitution rule, I believe most trial judges--at least those in one-judge districts--would agree with Justice Warner that the substitution rule set forth in § 3-1-804, MCA, is a large factor relating to delay for both "substituted out" and "substituted in" judges.

Justice Warner's 3-item list relating to delay is only a starting point, in my view. I believe Montana's trial judges and court administrators would seize on the opportunity to obtain background materials from "the outside" and thoughts from each other, and then move forward to make positive improvements which would decrease delays in Montana court proceedings of all kinds. I would give them that opportunity!

Chief Justice